UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HIGH,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CIVIL ACTION NO. 05-CV-71928-DT
CRIMINAL NO. 89-80352-19

DISTRICT JUDGE LAWRENCE P. ZATKOFF
MAGISTRATE JUDGE DONALD A. SCHEER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: The instant Motion to Vacate, Set Aside, or Correct Sentence should be denied as Petitioner failed to file his claim within the applicable one-year period of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

\*   \*   \*

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence, under 28 U.S.C. § 2255, on May 16, 2005, challenging the validity of his underlying federal conviction. Petitioner was convicted following a jury trial in August 1992, in the United States District Court for the Eastern District of Michigan, of distribution of a controlled substances (cocaine) in violation of 21 U.S.C. § 841(a)(1). Petitioner was later sentenced to 300 months imprisonment. After sentencing, the Sixth Circuit Court of Appeals affirmed his conviction and sentence in a unpublished opinion dated May 23, 1994.

Petitioner then filed a Motion To Vacate his Sentence, under 28 U.S.C. § 2255, on August 31, 1994, claiming that he was denied the effective assistance of trial counsel (Motion to Vacate at Docket #872).  In an Order dated July 31, 1995, the Honorable Lawrence Zatkoff denied Petitioner's § 2255 Motion to Vacate Sentence (Docket #912 & #913). The Sixth Circuit eventually affirmed that decision in January 1997 (Docket #969).

Petitioner has now filed the instant § 2255 in an apparent attempt to again attack the validity of his sentence.  He contends that he should be re-sentenced in accordance with the recently announced Supreme Court decision in United States v.Booker, 543 U.S. __, 125 S.Ct. 738 (2005). Petitioner argues that his sentence was imposed in violation of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004) because the trial judge increased his sentence based on findings of fact made by the judge. This claim is now governed by the Supreme Court's intervening decision in Booker, which applied the Blakely reasoning to the Federal Sentencing Guidelines, holding that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 756.

The Respondent filed an answer on July 15, 2005, contending that Petitioner's motion attacking the validity of his sentence was barred by the applicable one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Moreover, the Respondent asserted that since Petitioner's conviction became final before Booker, he was not entitled to any relief because the Supreme Court

explicitly provided that its holding in Booker was to be applied only to cases on direct, not collateral, review.

Since Petitioner is actually attacking the validity of his sentence, the undersigned is persuaded that the instant motion should be treated as a successive petition under § 2255. Prior to the AEDPA's enactment, a federal prisoner could file a section 2255 motion at any time. United States v. Lopez, 100 F.3d 113, 116 (10th Cir. 1996). That changed, however, with the enactment of the AEDPA on April 24, 1996. Among other things, the Act amended 28 U.S.C. § 2255 to provide a one year statute of limitations for petitions brought thereunder.

As Respondent correctly pointed out, a right newly recognized by the Supreme Court must be made retroactively applicable to cases on collateral review. See § 2255 ¶6(3).[*] The Booker Court explicitly provided that its holding was to be applied only to pending cases on direct review United States v. Booker, 125 S.Ct. at 769. The Sixth Circuit in Humphress v. United States, 398 F.3d 855, 859 (6th Cir. 2005), concluded that Booker created a new rule of criminal procedure which did not apply retroactively to convictions that had become final on direct appeal. Since Petitioner's conviction became final in May 1994, well before the Booker decision was announced, the motion attacking the validity of Petitioner's sentence was not timely, and he is not entitled to sentence relief.

---

[*] In Dodd v. United States, 125 S.Ct. 2478, 2482 (June 20, 2005), the Supreme Court recently noted that "an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year."

**3**

Accordingly, I recommend that the instant Motion to Vacate, Set Aside, or Correct Sentence be denied. Given this recommendation, Petitioner's Motion to be Released on Personal Recognizance (Docket #1211) should be denied. The parties are advised that any objection to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Zatkoff's acceptance thereof is waived.

                                                          s/Donald A. Scheer
                                                          DONALD A. SCHEER
                                                          UNITED STATES MAGISTRATE JUDGE

DATED: October 12, 2005

_____

### CERTIFICATE OF SERVICE

I hereby certify on October 12, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on October 12, 2005. **Kenneth High.**

                                                          s/Michael E. Lang
                                                          Deputy Clerk to
                                                          Magistrate Judge Donald A. Scheer
                                                          (313) 234-5217