UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.

    CASE NO. 89-80352
    HON. LAWRENCE P. ZATKOFF

KENNETH HIGH,

    Defendant-Petitioner.
    _____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron, State of
Michigan, on the 25th day of February, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on a Motion (Docket #1228) filed by Defendant-Petitioner (hereinafter "Defendant"). Plaintiff-Respondent has failed to file a response to Defendant's Motion. The facts and legal arguments are adequately set forth in the briefs submitted. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(e)(2), this Court ORDERS that Defendant's Motion be decided upon the briefs submitted, without this Court entertaining oral arguments. For the reasons set forth below, Defendant's Motion is DENIED.

## II. BACKGROUND

Defendant is serving a term of 300 months imprisonment as the result of his conviction by a jury in 1994. Defendant's conviction and sentence were upheld by the Sixth Circuit. In the 14 years since he was convicted, Defendant has consistently and incessantly flooded this Court with motions, including three Motions to Vacate under 28 U.S.C. 2255, and miscellaneous motions too

numerous to set forth here. The Court denied each of Defendant's Motions to Vacate and the Sixth Circuit upheld each of those decisions.

Currently before the Court is a Motion which raises four issues: (1) whether Defendant is entitled to disclosure of Grand Jury minutes, pursuant to Fed.R.Crim.P. 6(e)(3)(E); (2) whether Defendant is entitled to extraordinary relief under 28 U.S.C. § 1651(a); (3) whether the Prosecutor improperly bolstered the testimony of the Government's main witness at trial; and (4) whether Defendant is actually innocent of the two point enhancement for possessing an assault rifle. For the reasons that follow, the Court finds that the four issues recited above are without merit, and Defendant's Motion is DENIED.

## III. ANALYSIS AND OPINION

In short, Defendant has raised these issues, or had the ability to raise these issues, on at least four separate occasions before this Court and the Sixth Circuit Court of Appeals. His conviction and sentence have been upheld and recognized as valid four times and many of the issues raised herein have been addressed by this Court (and the Sixth Circuit) previously. The current motion is but his most recent grasp at the elusive straw.

### A.    Grand Jury "Minutes"

Defendant claims that he is entitled to disclosure of the grand jury transcripts because (1) he has a particularized need to use the materials, and (2) a ground may exist to dismiss the indictment because of a matter that occurred before the jury. Defendant claims the particularized need is that if he has those transcripts, he can file a civil action against his defense attorney and the prosecutor for conspiring to violate his constitutional rights at his criminal trial. Defendant also claims that prosecutor misconduct in the grand jury proceedings tainted the entire proceedings.

The Court finds that Defendant has not met his burden of establishing a basis for disclosure of the grand jury transcripts. Defendant has not cited any basis for believing that there were irregularities in the grand jury proceedings. More specifically, Defendant has not shown "that a

2

ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed.R.Crim.P. 6(e)(3)(E). Rather, Defendant appears to be on fishing expedition in the hopes that he can uncover some statement that might support his conspiracy theories. Moreover, unless and until Defendant's conviction is overturned, Defendant's potential civil lawsuit against his defense counsel and the prosecutor will be baseless.

Accordingly, the Court finds no reason supported by the law to disclose the grand jury transcripts, in whole or in part, to Defendant.

**B.      Extraordinary Relief under 28 U.S.C. § 1651(a)**

Defendant argues that the issue of him possessing an assault rifle is a continuation of a fundamental error that has existed since trial and that he is entitled to relief under the writ of *audita querela*, which Defendant urges this Court to recognize for purposes of this case. In the interests of justice, the Court shall evaluate Defendant's request for relief under the writ of *audita querela*, which involves a four prong test to determine whether (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case controversy requirement of Article I; and (4) the error is of the most fundamental character. *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987).

At a minimum, the Court concludes that Defendant cannot satisfy the first two prongs of the test on which he relies. As to the first prong, there is a more usual remedy available - a motion pursuant to 28 U.S.C. § 2255. Defendant acknowledges as much, as he states that he "has exhausted all of his remedies in prior post-conviction motions[.]" The fact that he previously filed those motions demonstrates that such remedies have been available to Defendant. For reasons known only to him, Defendant repeatedly failed to include this issue in his direct appeal and all of the three 28 U.S.C. §2255 motions he filed. As to the second prong, Defendant has failed to set forth valid reasons for his failure to include the instant issue in the appeal he filed, or in any of the three 28 U.S.C. §2255 motions he filed. His claims that trial and appellate counsel did not investigate the record of evidence do not resonate with this Court, especially as Defendant also states that his trial

counsel knew that the assault rifle at issue was his co-defendant's gun.

**C.      Prosecutorial Misconduct in Bolstering Witness Testimony**

Defendant contends that the prosecutor improperly bolstered the testimony of the Government's main witness ("Thomas") by representing that Thomas said that he gave Defendant the assault rifle. Even assuming such comments were improper, a defendant must show that the impropriety was so flagrant that only a reversal and remand for a retrial and/or a resentencing could correct the error. *United States v. Francis*, 170 F.3d 546, 552 (6th Cir. 1999). The undersigned sat through the trial of Defendant and reviewed the Presentence Investigation Report on Defendant. Based on the evidence presented at trial and the information set forth in the Presentence Investigation Report, the Court agrees with Defendant's statement at page 19 of his brief in support of this Motion: there was "overwhelming evidence in support of [his] conviction and/or sentencing[.]" Moreover, the Sixth Circuit directly addressed this issue on Defendant's direct appeal. The Sixth Circuit determined that the "trial court did not abuse its discretion by admitting the gun seized from defendant's Grandville residence" and upheld Defendant's conviction. *U.S. v. High*, 23 F.3d 409, 1994 WL 147651 at **3 (6th Cir. 1994).

As to the fact that there was a two level enhancement in Defendant's offense level as a result of his possession of the assault rifle, this issue was also addressed, albeit indirectly, on Defendant's direct appeal. For purposes of applying a two level enhancement for possession of the assault rifle, the Court only needed to find that a preponderance of the evidence showed that Defendant possessed a firearm. Based on the fact that a firearm was seized from Defendant's home, the Court concluded that a preponderance of the evidence did support such a two level enhancement. Nothing has been presented that would cause the Court to alter that conclusion.

Accordingly, the Court again concludes that Defendant is not entitled to relief as a result of any prosecutorial statements raised by Defendant.

**D.     Actual Innocence**

Defendant reasserts his claim that he was not in possession of the assault rifle. Most significantly, however, and notwithstanding any erroneous testimony or statements made, an assault rifle was seized from Defendant's residence. The fact that the rifle was seized from his house constitutes sufficient evidence for this Court to conclude, by a preponderance of the evidence, that Defendant possessed an assault rifle. Therefore, the Court also rejects this claim by Defendant.

**E.     Conclusion**

For the reasons set forth above, the Court finds that all of the issues raised in Defendant's Motion lack merit.

### IV. CONCLUSION

For the reasons stated herein, Defendant's Motion is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  February 25, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 25, 2008.

s/Marie E. Verlinde
Case Manager
(810) 984-3290